UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID WADE FOY                                                CIVIL ACTION

VERSUS                                                                     17-400-SDD-EWD

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.

## ORDER

This matter is before the Court on the *Motion for Summary Judgment*,[1] filed by Defendant, Louisiana Department of Public Safety and Corrections ("Defendant").[2] Plaintiff, David Wade Foy, was permitted to file an out-of-time *Opposition*[3] to this motion, to which Defendant filed a *Reply*.[4] For the reasons which follow, Defendant's motion shall be GRANTED.

I.     **BACKGROUND**

Plaintiff is an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana and in the custody of Defendant. Plaintiff has brought state and federal claims against the Defendant alleging that, on February 17, 2016, he was attacked and injured by fellow inmate Joseph Davis.[5] Plaintiff further claims that no prison officials were

---
[1] Rec. Doc. No. 4.
[2] Plaintiff also names as a Defendant "Joseph Davis (LSP Inmate)".
[3] Rec. Doc. No. 21.
[4] Rec. Doc. No. 22.
[5] Rec. Doc. No. 1-3 at ¶¶ 6-7.
46983

present during this attack,[6] and he was provided with delayed and insufficient medical assistance or treatment following the attack.[7] Thus, Plaintiff alleges Defendant was deliberately indifferent to his Eighth Amendment constitutional rights[8] and was also negligent in hiring, training, and/or supervising prison officials at LSP.[9]

Plaintiff originally filed this lawsuit in Louisiana state court, and the Defendant removed the matter to this Court based on federal question jurisdiction.[10] Defendant now moves for summary judgment on the grounds that Plaintiff has failed to demonstrate that he sought administrative relief for the incident in question via the LSP's Administrative Grievance Procedure ("ARP"), which is generally a prerequisite to filing suit.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'" However, the

---

[6] *Id.* at ¶ 8.
[7] *Id.* at ¶¶ 9, 12.
[8] *Id.* at ¶¶ 4-5, 11-13.
[9] *Id.* at ¶¶ 3, 14, 18.
[10] Rec. Doc. No. 1.
46983

non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" All reasonable factual inferences are drawn in favor of the nonmoving party. However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"

### B. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") prohibits actions under Section 1983 by inmates until "such administrative remedies as are available are exhausted."[11] The purpose of the exhaustion requirement is to give an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court" and to encourage the efficient resolution of claims.[12]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court.[13] An inmate initiates the ARP process by completing a request for administrative remedy

---

[11] 42 U.S.C § 1997e(a).
[12] *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).
[13] La. Admin. Code, Title 22, pt. I, § 325 (2013).
46983

or writing a letter to the warden.[14] An ARP screening officer screens the inmate's request and either accepts the request into the first-step or rejects it for one of ten enumerated reasons.[15] If a request is accepted, the warden must respond on a first-step response form within forty (40) days of receipt of the request.[16] If the inmate is not satisfied with the response, he may proceed to the second-step of the ARP process by appealing to the Secretary of the Department of Corrections ("DOC Secretary") using a space provided on the first-step response form.[17] The DOC Secretary is then required to issue a response within forty-five (45) days from the date the request is received utilizing a second-step response form.[18] The expiration of any response time limits entitles the inmate to move to the next step in the process.[19]

Defendant moves for summary judgment because Plaintiff has failed to exhaust his administrative remedies as required by law. In opposition to Defendant's motion, Plaintiff admits he did not utilize the ARP process for two reasons: first, Plaintiff contends the LSP ARP process is a "dead end" as set forth in *Ross v. Blake*;[20] second, Plaintiff contends his physical and mental injuries precluded his ability to utilize the ARP process. The Court will address each argument in turn.

    1.    <u>"Dead End"</u>

The exhaustion requirement of the PLRA hinges on the availability of administrative remedies.[21] Although a grievance procedure may be officially on the

---

[14] *Id.* at § 325(G)(1)(a)(i).
[15] *Id.* at § 325(I)(1)(a)(i)–(ii).
[16] *Id.* at § 325(J)(1)(a)(ii).
[17] *Id.* at § 325(J)(1)(b)(i)–(ii).
[18] *Id.* at § 325(J)(1)(b)(ii).
[19] *Id.* at § 325(J)(1)(c).
[20] 136 S.Ct. 1850 (2016).
[21] *Id.* at 1858.
46983

books, such remedies may be deemed unavailable if, in practice, it prevents an inmate from seeking redress.[22] As the United States Supreme Court explained in *Ross*, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"[23] The Court recognized that a grievance procedure is unavailable when it "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."[24]

The *Ross* court outlined three limited circumstances in which administrative remedies are deemed unavailable under the PLRA: (1) When the administrative procedure "operates as a simple dead end — with officers unable or unwilling to provide any relief to aggrieved inmates"; (2) When the administrative scheme is so opaque that it is "essentially unknowable" and "no ordinary prisoner can discern or navigate it"; and (3) "[W]hen prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."[25]

Plaintiff argues that the LSP grievance procedure is a "dead end" because he was denied relief in previous, unrelated grievances. Defendant contends Plaintiff has not argued or provided any summary judgment evidence that LSP prison policy barred him or otherwise prohibited him from filing a grievance for the incident in question. Further, Defendant argues Plaintiff's claims do not fit within the PRLA's textual exception to the

---

[22] *Id.*
[23] *Id.* at 1859 (citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)).
[24] *Id.*; *see also Curry, Jr. v. Mississippi Dep't of Corr.*, 586 Fed.Appx. 165, 166 (5th Cir. 2014) ("We have excused the exhaustion requirement if prison officials have ignored or interfered with an inmate's pursuit of his administrative remedies." (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982))).
[25] *Id.* at 1858–61.
46983

mandatory exhaustion recognized in *Ross.*

The Court finds that Plaintiff has failed to demonstrate a genuine issue of fact regarding the availability of the ARP process to him for this incident. As the Fifth Circuit explained: "it is not for the courts to inquire whether administrative procedures 'satisfy "minimum acceptable standards" of fairness and effectiveness.'[26] Under § 1997e(a), a prisoner must exhaust such administrative remedies as are 'available,' whatever they may be."[27] Thus, if a prisoner has failed to exhaust all available administrative remedies, dismissal is appropriate.[28] Clearly, Plaintiff's dissatisfaction with the denial of previous grievances does not render grievance relief "unavailable" under *Ross.*

Further, Defendant is correct that Plaintiff's claim does not fall within the list of matters that are not appealable through its grievance procedure. Louisiana's prisoner grievance system is described in the state's Administrative Code. It explicitly lists matters that are not appealable through the ARP process as set forth below:

> iv. The following matters shall not be appealable through this administrative remedy procedure:
>
> > (a). court decisions and pending criminal matters over which the department has no control or jurisdiction;
> > (b). Board of Pardons and Parole decisions (under Louisiana law, these decisions are discretionary and may not be challenged);
> > (c). sex offender assessment panel recommendations;
> > (d). lockdown review board decisions (offenders are furnished written reasons at the time this decision is made as to why they are not being released from lockdown, if that is the case. The board's decision may not be challenged. However, a request for administrative remedy on lockdown review board hearings can be made in the following instances).[29]

---

[26] *Alexander v. Tippah County, Miss.,* 351 F.3d 626 at 630 (5th Cir. 2003)(quoting *Booth v. Churner*, 532 U.S. 731, 740 n. 5, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).
[27] *Id.* (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001)).
[28] *Id.*
[29] *Ondek v. Ranatza*, No. 16-725-JWD-RLB, 2018 WL 1370601 at *5 (M.D. La. Mar. 16, 2018)(citing La. 46983

Accordingly, Plaintiff's reliance on *Ross v. Blake* is misplaced, and the Court finds that Plaintiff's has failed to carry his burden of demonstrating a genuine issue of fact regarding the availability of the ARP process for his claim.

### 2. Physical Injury

Plaintiff also alleges he should be excused from the mandatory exhaustion requirement due to his physical and mental injuries. Specifically, Plaintiff relies on the affidavit of his sister, Betty Gracin, who visited him one month after his attack, who attested that Plaintiff would sometimes get "a little frustrated and … teary eyed"; he does not write much because "he has trouble formulating his thoughts"; he said it might take him an hour to write a short paragraph; he now requires help from others to do things he previously could do on his own, including "making a simple telephone call, filling out a form, or even deciding."[30] Thus, Plaintiff maintains he was physically and mentally unable to pursue a timely administrative remedy.

Notably, Plaintiff fails to provide any authority for the proposition that he is excused from mandatory exhaustion based on a physical or mental injury. Further, the Fifth Circuit holds the contrary. In *Days v. Johnson*, the court held that "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance."[31] The court explicitly did not hold "that an untimely grievance in and of itself would render the system

---

Admin. Code tit. 22 Pt. I, § 325(F)(3)(a)(iv)).
[30] Rec. Doc. No. 21 at 9-11.
[31] 322 F.3d 863, 867-68 (5th Cir. 2003) (*overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).
46983

unavailable, thus excusing the exhaustion requirement," since that would allow inmates to intentionally evade the exhaustion requirement by failing to comply with the prison grievance system.[32]

It is undisputed in this case that Plaintiff has never attempted to file a grievance based on the incident in question. In *Parker v. Adjetey*,[33] an inmate was in a coma until after the fifteen day period and was unable to timely file a Step 1 grievance. He did not attempt to file a Step 1 grievance because the time deadlines had already expired. The Fifth Circuit affirmed the dismissal of the complaint holding that he had not attempted to exhaust the administrative remedies that were available to him.[34] Moreover, in *Ferrington v. Louisiana Department of Corrections*, the Fifth Circuit rejected an inmate's argument that he should be excused from the exhaustion requirement due to blindness since his alleged blindness did not prevent him from filing his Section 1983 lawsuit.[35]

In the present case, it is obvious that Plaintiff's physical and mental injuries did not preclude him from filing this lawsuit; thus, Plaintiff has presented no excuse for the failure to pursue his administrative remedies when he was physically and mentally capable of doing so. Had he filed an untimely grievance, and had Defendant rejected such grievance for untimeliness, Fifth Circuit jurisprudence instructs that Plaintiff would have satisfied the exhaustion of his administrative remedies. It is undisputed that Plaintiff made no attempt to pursue administrative remedies for this incident. Accordingly, there are no genuine issues of material facts in dispute, and the Defendant is entitled to summary judgment.

---

[32] *Id.* at 867.
[33] 89 Fed. Appx. 886 (5th Cir. 2004).
[34] *Id.* at 887–888.
[35] 315 F.3d 529, 532 (5th Cir. 2002).
46983

## III. CONCLUSION

For the foregoing reasons, the *Motion for Summary Judgment*[36] filed by Defendant, Louisiana Department of Public Safety and Corrections is GRANTED. Plaintiff's claims against this Defendant are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on July 23, 2018.

                                       **JUDGE SHELLY D. DICK**
                                       **UNITED STATES DISTRICT COURT**
                                       **MIDDLE DISTRICT OF LOUISIANA**

---

[36] Rec. Doc. No. 4.
46983