UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID WADE FOY**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                     **NO. 17-400-SDD-EWD**

**LOUISIANA DEPARTMENT OF PUBLIC**
**SAFETY AND CORRECTIONS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 29, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID WADE FOY                                        CIVIL ACTION

VERSUS                                                NO. 17-400-SDD-EWD

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, ET AL.

**REPORT AND RECOMMENDATIONS**

On or about February 24, 2017, Plaintiff, David Wade Foy ("Plaintiff"), filed a Petition for Damages (the "Petition") in state court seeking damages for injuries sustained when Plaintiff, an inmate at the Louisiana State Penitentiary in Angola, Louisiana, was allegedly attacked by a co-inmate.[1] Plaintiff named as defendants the Louisiana Department of Public Safety and Corrections ("DOC") and Joseph Davis ("Davis"), the inmate who allegedly attacked Plaintiff. The suit was removed by DOC on June 26, 2017.[2] The Notice of Removal states that DOC was served on May 24, 2017.[3] At the time of removal, there is no service information in the record regarding Davis. The Petition requests that service be withheld as to both defendants.[4]

DOC filed a Motion for Summary Judgment on August 15, 2017,[5] and Plaintiff's claims against DOC were ultimately dismissed with prejudice on July 23, 2018.[6] As to the claims against Davis, the court issued an Order to Show Cause on September 7, 2017 why the claims against Davis should not be dismissed for failure to serve.[7] Plaintiff responded to the Order to

---

[1] R. Doc. 1-2.
[2] R. Doc. 1.
[3] R. Doc. 1, ¶ 8.
[4] R. Doc. 1-2, p. 4.
[5] R. Doc. 4.
[6] R. Doc. 12.
[7] R. Doc. 6.

Show Cause with a Memorandum in Opposition to Dismissal of Complaint.[8] The court treated the Memorandum in Opposition as a request for extension of time to serve under Federal Rule of Civil Procedure 4(m) and granted Plaintiff an additional 60 days to serve Davis.[9] Plaintiff served Davis on November 20, 2017,[10] however, Davis has not made an appearance in the case.

On September 20, 2018, the court issued an Order to Show Cause why the claim against Davis should not be dismissed under Local Civil Rule 41(b)(1)(B) as no responsive pleadings had been filed nor a default entered within sixty days after service of process on Davis.[11] Counsel for Plaintiff appeared at the show cause hearing on September 28, 2018 and advised the court that Plaintiff intended to voluntarily dismiss his claims against Davis.[12] Plaintiff was given until October 5, 2018 to file a motion to voluntarily dismiss his claims against Davis. Because Plaintiff failed to comply with the court's September 28, 2018 Order to file a motion to voluntarily dismiss the case, the court issued another Order to Show Cause on October 16, 2018.[13] Plaintiff did not appear for the show cause hearing on October 26, 2018, nor did the court receive any information that Plaintiff could not appear.

Pursuant to Local Civil Rule 41(b)(1)(B), a civil action may be dismissed by the court for failure to prosecute "[w]here no responsive pleadings have been filed or no default has been entered within sixty days after service of process, except when Fed. R. Civ. P. 12(a)(3) applies or a dispositive motion is pending." Here, Davis was served on November 20, 2017. At that time, the court had granted DOC's motion for summary judgment because Plaintiff failed to timely

---

[8] R. Doc. 8.
[9] R. Doc. 9.
[10] Service on Davis on November 20, 2017 was not timely. The extended time period for Plaintiff to serve Davis expired on November 17, 2017. The summons to Davis was not even submitted to the court until November 15, 2017 and was issued on November 16, 2017—one day before the extended time period to serve Davis expired.
[11] R. Doc. 24.
[12] R. Doc. 25.
[13] R. Doc. 26.

2

oppose it.[14]    Plaintiff then sought a new trial on DOC's motion for summary judgment,[15] which was granted on May 8, 2018.[16]  On July 23, 2018, the court granted DOC's motion for summary judgment with prejudice.

    Even giving Plaintiff the benefit of the entire time period from August 15, 2017, when DOC's motion for summary judgment was originally filed, through July 23, 2018, when DOC's motion for summary judgment was granted under the exception in Local Rule 41(b)(1)(B), the action should still be dismissed.  Sixty days expired between the July 23, 2018 ruling on the motion for summary judgment and the show cause hearing that was held on September 28, 2018 with no responsive pleadings filed by Davis, nor a default entered.  Plaintiff's counsel also represented to the court on September 28, 2018 that Plaintiff did not intend to proceed with his claims against Davis.  Further, an additional 28 days have passed since the September 28, 2018 hearing and Plaintiff has done nothing to indicate an intent to proceed with his claims against Davis, including failing to appear for the show cause hearing scheduled on October 26, 2018.

    Accordingly,

    **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Local Civil Rule 41(b).

    **IT IS FURTHER RECOMMENDED** that reinstatement of this action within thirty days be permitted upon a showing of good cause by the Plaintiff.

    **IT IS FURTHER RECOMMENDED** that Willie Zanders, counsel for Plaintiff, be sanctioned $500.00 for failing to comply with the court's Order to file a motion for voluntary dismissal following his representations to the court on September 28, 2018 and for failing to

---

[14] R. Doc. 12.
[15] R. Doc. 18.
[16] R. Doc. 20.

respond to the Order to Show Cause that was issued on October 16, 2018, or that such other sanctions be imposed on Willie Zanders as the District Judge deems appropriate under these facts.

Signed in Baton Rouge, Louisiana, on October 29, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**